UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN CHARLES,

               Plaintiff(s),          **DECISION & ORDER**
v.                                                 13-CV-6464

CORRECTION OFFICER HARRISON, *et al.*,

               Defendant(s).

## PRELIMINARY STATEMENT

Currently pending before the Court is *pro se* plaintiff's motion for the appointment of counsel. (Docket # 12). In his Complaint, plaintiff alleges that on October 30, 2012, while he was confined at the Five Points Correctional Facility, the defendant correctional officers "brutally assaulted" him. See Complaint (Docket # 1). Plaintiff alleges that the defendants punched, kicked, and hit him with their batons, which caused him severe physical and emotional injuries. See id. Plaintiff asserts claims of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. See id.

## DISCUSSION

Plaintiff seeks the appointment of counsel to "help" him with his case against the defendants. See Docket ## 12, 14. For the reasons that follow, plaintiff's motion for appointment of counsel is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to

assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Byfield v. Chapman, No. 12-cv-6131, 2013 WL 5354522, at *1 (W.D.N.Y Sept. 24, 2013)(finding that plaintiff's allegations of excessive force and cruel and unusual punishment "satisf[ied] the initial threshold showing of merit"); Beckles v. Bennett, No. 05 CIV. 2000 JSRDF, 2007 WL 631317, at *2 (S.D.N.Y. Feb. 28, 2007)(finding that plaintiff's allegations of excessive use

of force-namely, beatings by defendant corrections officers-appeared to have some chance of success, and, therefore, satisfied the requirement that plaintiff make a threshold showing of merit); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(court found plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied the threshold showing of merit); Allen v. Sakellardis, No. 02 Civ. 4373, 2003 WL 22232902, at **1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegations that correctional officers assaulted him while he was restrained might have merit). However, having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time. See Hodge, 802 F.2d at 61-62.

Plaintiff's Complaint is detailed in nature and adequately describes the events that led to his injuries. Although Section 1983 claims can be complex, plaintiff's *pro se* Complaint is well organized, clearly written, identifies appropriate parties, and provides the legal foundation and factual bases for the claims that are made. Moreover, the allegations themselves suggest that investigating the claims made in the instant action will not be an overly complicated task for plaintiff, as the factual circumstances and legal issues largely focus on a single incident -- that is, the alleged assault that occurred on October 30, 2012. See Simcoe v. Gray, No. 10-cv-6531, 2012 WL 1044505, at *5 (W.D.N.Y. Mar. 28,

3

2012)(finding that plaintiff was capable of investigating his claims because the details in his Complaint focused on a single incident, namely the alleged excessive force that defendants used on plaintiff during his arrest); Allen, 2003 WL 22232902, at *2 (denying plaintiff's motion to appoint counsel after noting that plaintiff's claim "largely focuses on a single incident," and, therefore, plaintiff "should be able to obtain the documentary evidence relating to that incident, regardless of whether he is represented by counsel"). Thus, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). I find that plaintiff's request to be appointed *pro bono* counsel is not warranted at this time. Plaintiff may consult with the Western District *Pro Se* Office for questions on process and procedure. Should Judge Siragusa determine that the appointment of counsel would provide substantial assistance to plaintiff in responding to dispositive motions or presenting his case at trial, he may, of course, revisit the appointment of counsel issue at that time.

## CONCLUSION

Plaintiff's motion to appoint counsel (Docket # 12) is **denied without prejudice to renew.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   August 7, 2014
         Rochester, New York